```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

THOMAS F. FRIEDBERG; and SARAH  )
LYNN BUNGE,                     )
                                )
            Plaintiffs,         )
                                )         Civil No. 2013-109
        v.                      )
                                )
BAREFOOT ARCHITECT, INC.;       )
BAREFOOT DESIGN GROUP, LLC;     )
ALEXANDER MICHAEL MILNE;        )
BAREFOOT BUILDERS, INC.; THE A. )
MICHAEL MILNE REVOCABLE TRUST;  )
VILLAGE VERNACULAR, INC.; and   )
SENG KHAUV,                     )
                                )
            Defendants.         )

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law offices of Friedberg & Bunge
San Diego, CA
    *For plaintiffs Thomas F. Friedberg and Sarah Lynn Bunge,*

**Carol Ann Rich, Esq.**
**Lenehn Ning Ricks, Esq.**
Dudley Rich Davis, LLP
St. Thomas, VI
    *For defendants Barefoot Architect, Inc., Barefoot Design*
    *Group, LLC, Alexander Michael Milne, Barefoot Builders,*
    *Inc., the A. Michael Milne Revocable Trust; Village*
    *Vernacular, Inc., and Seng Khauv.*

<u>ORDER</u>

    Before the Court is the motion of defendants Barefoot Architect, Inc.; Barefoot Builders, Inc.; Barefoot Design Group, LLC; Seng Khauv ("Khauv"); Alexander Michael Milne ("Milne"); the A. Michael Milne Revocable Trust (the "Trust"); and Village

Vernacular (collectively "the Barefoot Defendants" or "the defendants") to quash service of the complaint in this matter and to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6).

## I.   FACTUAL AND PROCEDURAL HISTORY

In 2004, Barefoot Architect, Inc. ("Barefoot") filed a complaint in this Court.  In its complaint, Barefoot asserted that Thomas F. Friedberg ("Friedberg") and Sarah Lynn Bunge ("Bunge") had committed copyright infringement and violated the Lanham Act (the "Copyright Case"). Friedberg and Bunge (collectively referred to herein as the "Owners") moved for summary judgment. In an opinion dated October 26, 2009, the Court granted Friedberg and Bunge's motions, and entered judgment in favor of Friedberg and Bunge on the claims in the Copyright Case. The Third Circuit affirmed.

Thereafter, in 2009, the Owners filed a motion for attorney's fees and costs in this Court.  The Owners also filed for attorney's fees and costs incurred before the Third Circuit. The Third Circuit awarded attorney's fees and costs incurred in that Court.  While the Owners' motion for attorney's fees and costs in this Court was still pending, Barefoot transferred significant assets to others.  The Owners allege such transfers were done to prevent the Owners from using those assets to

satisfy the judgment of the Third Circuit and the judgment of the District Court in the Copyright Case.

The Owners filed the complaint in this matter on November 11, 2013. The complaint alleges that the defendants fraudulently conveyed assets necessary to pay the anticipated judgment award for attorney's fees and costs in the Copyright Case (the instant action is referred to herein as the "Fraudulent Conveyance Action"). When the Fraudulent Conveyance Action was filed, the Owners' motion for attorney's fees and costs in the Copyright Case was still pending. The Owners did not serve the Fraudulent Conveyance Action complaint on any of the Barefoot Defendants. The Court awarded costs and fees in the amount of $241,109.75 in the Copyright Case on July 2, 2014.

As of July 3, 2014, the Owners had not served any of the defendants with the complaint in the Fraudulent Conveyance Action. On that date, the Court ordered Friedberg and Bunge to show cause why the Fraudulent Conveyance Action should not be dismissed for failure to serve the defendants. Thereupon, Friedberg and Bunge filed an amended complaint on July 5, 2014. Also on July 5, 2014, the Owners filed the instant motion to extend the time by which they were required to serve process on the defendants. They sought an extension to August 18, 2014.

Friedberg and Bunge served the Barefoot Defendants on July 7, 2014, and filed executed summonses as proof of service on July 12, 2014. On July 21, 2014 the Barefoot Defendants filed a motion to quash service of process as untimely and to dismiss the complaint in this matter.

## II.  DISCUSSION

### A. Motion to Dismiss for Insufficient Service

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Proper service on defendants must be made within 120 days of the complaint being filed.  Fed. R. Civ. P. 4(m). In a 12(b)(5) motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

### B. Motion to Dismiss for Failure to State a Claim

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of

"entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

**A. Sufficiency of Service**

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association. Fed. R. Civ. P. 4(h). It states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2013-109
Order
Page 7

> a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Rule 4(e), in pertinent part, provides:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally;(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The timing of such service is governed by

Rule 4(m), which provides in pertinent part that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The original complaint in the Fraudulent Conveyance Action was filed on November 11, 2013. As such, service should have been made by March 11, 2014. In fact, service did not occur until July 7, 2014, when the Owners served the Barefoot defendants with the amended complaint. Friedberg and Bunge concede that service was made more than 120 days after the filing of the original complaint. They request an extension of time to August 18, 2014.

"The determination whether to extend time involves a two-step inquiry. The district court first determines whether good cause exists for a plaintiff's failure to effect timely service.  If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

"In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Failure to timely request an extension of time to serve may be considered by the Court in determining if there is good cause to extend service. *See, e.g.*, *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995). "[C]ourts have considered three factors in determining the existence of good cause: (1)

reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve[.]" *Id.* at 1097 (quoting *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

Here, the record demonstrates that Friedberg and Bunge failed to make any efforts at service within 120 days of the initial filing date of November 11, 2013. It further demonstrates that the Owners failed to request an extension of time within the 120 day period. Indeed, the Owners did not communicate with the defendants or the Court at all until after the Court ordered Friedberg and Bunge to show good cause why the Fraudulent Conveyance Action should not be dismissed for the failure to serve the defendants.

Friedberg and Bunge argue that their intention to file an amended complaint following the Court's award of attorney's fees makes their delay fall within the realm of "good cause." They cite to no case which indicates such, and the Court is unaware of any case which has held that a plaintiff's intention to file an amended complaint excuses failure to serve the original complaint. Given Friedberg and Bunge's willful failure to serve any defendant in this case, or to even request an extension of

time, until long after the 120 day deadline had passed, the Court is disinclined to find that good cause exists here.

The Court next considers whether it should, in its discretion, extend the time for service.

> A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

The Court notes that the record does not demonstrate if, prior to dilatory service, the Barefoot Defendants received actual notice of this case. The Court thus relies upon the record evidence that the defendants received notice on July 7, 2014. A review of the record does not demonstrate any apparent prejudice if Friedberg and Burge are given the extension now sought.[2]

Under the Uniform Fraudulent Transfer Act ("UFTA"), the statute of limitations on Friedberg and Burge's causes of action is four years. V.I. CODE ANN. tit. 28, § 179. The statute of

---

[2] The Court also notes that nowhere in the Barefoot Defendants' motion is there any allegation of prejudice.

limitations begins to run on the date when the complainant receives the judgment in the complainant's favor that the defendant is seeking to avoid. *See, e.g.*, *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 416-17 (3d Cir. 2003)(holding that the statute began to run on the date of the entry of judgment); *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 417-18 (7th Cir. 2014)(holding that the statute of limitations did not accrue until judgment was entered). Judgment was entered in Friedberg and Burge's favor on the issue of attorney's fees in this Court in 2014.  The statute of limitations thus has not yet run.

Friedberg and Bunge have not alleged that the Barefoot Defendants' somehow prevented service.  Furthermore, a review of the record does not indicate that the Barefoot Defendants' behavior impeded service in anyway. Finally, the Court notes that though Friedberg and Bunge are proceeding *pro se* by representing themselves, both Friedberg and Bunge are themselves attorneys.  This fact is important for two reasons. First, it indicates that though they are *pro se*, they are sophisticated *pro se* litigants that might be expected to understand the Federal Rules of Civil Procedure. Second, it indicates that the willful failure to properly serve the defendants was the failure

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2013-109
Order
Page 12

of the plaintiffs themselves and not the result of reliance on an attorney.

In considering the factors Courts are bound to consider in determining whether or not to allow an extension of time to serve in its discretion, the Court finds that an extension is not warranted in this case. Though there is no prejudice to the defendant if an extension is granted, each and every other factor the Court is instructed to consider suggests that an extension is inappropriate. Even where a plaintiff's claim may be barred by the statute of limitations, and the defendants would suffer no prejudice if the case continued, courts have upheld dismissal of complaints for untimely service. *See, e.g.*, C*olasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003). Here, there is even less reason to extend the time by which to serve.

The original complaint was never served on any defendant and an extension of time is not merited. The amended complaint, however, was served on the defendants on July 7, 2014. This case thus presents the Court with the question of what effect, if any, the filing of the amended complaint had on this action. Where the original complaint was not timely served within 120 days of filing, a plaintiff may not cure such defect by filing an amended complaint. *See Hunt v. Dept. of Air Force, Div. of*

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2013-109
Order
Page 13

*U.S.A.*, 29 F.3d 583, 588 (11th Cir. 1994)(holding that amendment cannot cure deficient service of the original complaint under Rule 4). That is precisely what occurred here.  The Owners failed to timely serve the original complaint, and such defect cannot now be remedied by filing of the amended complaint.[3]

    The premises considered, it is hereby

    **ORDERED** that the Barefoot Defendants' motion to dismiss the complaint for lack of service is **GRANTED**; it is further

    **ORDERED** that the complaint in this matter is **DISMISSED** without prejudice; and it is further

    **ORDERED** that the Clerk of Court shall **CLOSE** this case.

---

[3] Because the Court finds that dismissal is appropriate under Fed. R. Civ. P. 12(b)(5), the Court need not consider the Barefoot Defendants' motion to dismiss for failure to state a claim.